UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
SPEEDFIT LLC, et al.                                          :
:                **ORDER REGULATING**
                             Plaintiffs,   :   **PROCEEDINGS**
   -against-                                                 :
:    22 Civ. 4733 (AKH)
WOODWAY USA INC., et al.,                                     :
:
                             Defendants.    :
:
:
:
:
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This case was removed from the Supreme Court of New York, County of Westchester on June 6, 2022.  Since then, Plaintiffs attempted to obtain a certificate of default because Defendants purportedly failed to comply with the applicable procedural requirements when removing the case.  *See* ECF Nos. 5–7. Additionally, Defendants filed a motion to dismiss on June 13, 2022 and in connection with that motion filed a motion to seal certain exhibits.  I resolve the requests as follows.

        Plaintiff lacks a basis to obtain a certificate of default.  The stipulation the parties filed in state court gave Defendants until June 10, 2022 to move, answer, or otherwise respond to Plaintiffs' complaint.  Defendant responded by removing the case to federal court on June 6, 2022.  Federal Rule of Civil Procedure 81(c) governs the time to answer for removed actions. *See* Fed. R. Civ. P. 81(c).  As relevant here, Rule 81(c)(3) gave Defendants seven days after the notice of removal was filed to answer or present defenses.  Because the notice of removal was filed on June 6, 2022 the motion to dismiss filed on June 13, 2022 was timely.  Accordingly, Defendant is not in default.

The motion to seal is denied in part and granted in part. Defendants may not file the entirety of Exhibit A to the Declaration of Nicole Marschean under seal. However, Defendants may redact proprietary confidential information that could cause competitive injury if disclosed. *See SEC v. Telegram Grp. Inc.,* 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (the need to maintain secrecy for sensitive business information and practices can "outweigh the presumption of public access") (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

In sum, there is no basis to issue a certificate of default. The motion to seal is denied in part and granted in part. The pending motion to dismiss will be decided once Plaintiffs have had an opportunity to file a response. The Clerk shall terminate ECF No. 11.

SO ORDERED.

Dated:   June 17, 2022                         /s/ Alvin K. Hellerstein
         New York, New York                   ALVIN K. HELLERSTEIN
                                              United States District Judge